UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

FILED
'05 SEP 20 AM 10: 54

DAYNA L. SCRUGGS,

      Plaintiff,

vs.                           CASE NO: **4:05CV0067AS**

GARST AGRIPRO,

      Defendant.

## VERIFIED NOTICE OF REMOVAL OF CIVIL ACTION

Defendant, Garst Seed Company (improperly identified in Plaintiff's Complaint as "Garst Agripro") ("Garst"), respectfully submits the following Notice of Removal:

1.    On or about August 29, 2005, Plaintiff, Dayna L. Scruggs, initiated a civil action in the White County, Indiana Circuit Court and mailed a copy of the Summons and Complaint to Garst. A true and correct copy of the Summons and Complaint is attached to this Notice as Exhibit 1.

2.    Plaintiff claims in paragraph 2 of her Complaint that Garst violated the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 1162 *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Civil Rights Act of 1991, Pub.L.No. 102-166, 105 Stat. 1071, *et seq.*

3.    *Federal Question Jurisdiction Basis for Removal*: Because it presents federal questions for adjudication, the above-entitled action may be removed to this Court by Garst pursuant to the provisions of 28 U.S.C. §§ 1331, 1441 and 1446.

4. This Court is the district court of the United States for the district and division embracing the place where this action is currently pending, as required by 28 U.S.C. § 1441(a).

5. This Notice of Removal is filed with the Court within 30 days after receipt by Garst of a copy of the initial pleadings setting forth the claim for relief on which this action is based.

6. Written notice of the filing of this Notice of Removal has been given to Plaintiff and a copy of such Notice has been filed with the Clerk of the White County Circuit Court in the State of Indiana.

WHEREFORE, Defendant, Garst Seed Company (improperly identified in Plaintiff's Complaint as "Garst Agripro"), respectfully requests that this action, now pending in the Circuit Court for the County of White, Indiana, be removed to this United States District Court for the Northern District of Indiana.

Respectfully submitted,

_____
David L. Swider, Atty. #517-49
**BOSE McKINNEY & EVANS LLP**
2700 First Indiana Plaza
135 North Pennsylvania Street
Indianapolis, IN 46204
Telephone: 317.684.5161
Facsimile: 317.223.0161
DSwider@boselaw.com

George Wood (MN #0166017)
Ruon Sawyer (MN #0305443)
**LITTLER MENDELSON, P.C.**
33 South Sixth Street, Suite 3110
Minneapolis, MN 55402-3716
Telephone: (612) 630-1000
Facsimile: (612) 630-9626

**Attorneys for Defendant**

## VERIFICATION

The undersigned hereby verifies that the foregoing statements are true and accurate to the best of his knowledge, information, and belief.

Dated: September 20, 2005

_____
David L. Swider

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing "Verified Notice of Removal of Civil Action" has been served upon the following attorney of record by first-class, United States mail, postage prepaid, this 20th day of September 2005:

> Stephanie Jane Hahn, Esq.
> Kendall-Hahn
> 200 North Rangeline Road
> Carmel, IN 46032

_____
David L. Swider

649711

| STATE OF INDIANA | ) | IN THE WHITE COUNTY |
| --- | --- | --- |
|  | ) SS: | CIRCUIT COURT |
| COUNTY OF WHITE | ) | 2005 TERM |

DAYNA L. SCRUGGS )
)
        Plaintiff, )     91C01- 0508-PL-031
)
  v. )    CAUSE NO.: _____
)
)
GARST AGRIPRO )
)    FILED
        Defendant. )    AUG 29 2005

CLERK WHITE CIRCUIT COURT
REC'D CERT. AUG 30 2005

### COMPLAINT AND REQUEST FOR JURY TRIAL

The Plaintiff, Dayna L. Scruggs, for her causes of action against the Defendant, Garst Agripro, alleges the following:

### Nature of the Case

1. This is an action at law and equity for damages by Dayna L. Scruggs against her former employer, Garst Agripro, alleging that the Defendant committed various statutory wrongs against her.

2. The Plaintiff brings this cause of action pursuant to the Age Discrimination and Employment Act of 1967 ("ADEA") 29 U.S.C. § 62 *et seq.* and Title VII the Civil Rights Act of 1964, 42 U.S.C. § 2000 (e), *et seq.*, as amended by the Civil Rights Act of 1991, Pub.L.No.102-166, 105 Stat. 1071, *et seq.*

3. This civil action also seeks attorney's fees and the expenses of litigation and all other just and proper relief for the Plaintiff against the Corporate Defendant, Garst Agripro.

1

EXHIBIT 1

## Jurisdiction

4. The White County Circuit Court has jurisdiction over this matter pursuant to Trial Rule 75 of the Indiana Rules of Trial Procedure for the following reasons, including, but not limited to:

   A. The Plaintiff resides in the County of White and the State of Indiana;

   B. The Corporate Defendant conducts business in the County of White, in the State of Indiana;

   C. All of the acts and omissions of the Corporate Defendant alleged by the Plaintiff occurred and/or affected the Plaintiff in the Counties of White and Tippecanoe in the State of Indiana.

5. The Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission, and has received her *"right to sue"* letter, copy of which is attached hereto and part hereof as Exhibit A.

## Parties

6. The Plaintiff, Dayna L. Scruggs (hereinafter "Mrs. Scruggs" ), resides at 1229 East Creekside Court, Brookston, Indiana 47923.

7. The Corporate Defendant, Garst Agripro, is incorporated in the State of Delaware, with its principal corporate office located at 2269 330th Street, Box 500, Slater, IA 50244.

8. The Corporate Defendant's Registered Agent for service of process in the State of Indiana is CT Corporation, 251 East Ohio Street, Suite 1100, Indianapolis, Indiana 46204.

2

9. Mrs. Scruggs, a female over the age of forty (40), years, was hired by Defendant in August of 1986, as a temporary employee. Shortly thereafter Mrs. Scruggs became a full time employee.

10. At all times relevant, Mrs. Scruggs met, or exceeded, the legitimate job performance expectations of the Defendant.

11. In 1995, Mrs. Scruggs received a new supervisor by the name of Curtis Beazer.

12. Mr. Beazer controlled the day to day activities of Mrs. Scruggs and others.

13. Mr. Beazer a younger white male had the authority to hire and fire employees, including Mrs. Scruggs.

14. Shortly after becoming Mrs. Scruggs' supervisor, Mr. Beazer began to make abusive and derogatory remarks to Mrs. Scruggs based on her gender, female, and her age.

15. From 1995 through 2004, Mr. Beazer physically abused, discriminated against, and intimated Mrs. Scruggs.

16. In 1995, Mr. Beazer struck Mrs. Scruggs with no adverse consequences for the same to himself.

17. Mr. Beazer did not pay Mrs. Scruggs at the same level that he paid male co-workers of Mrs. Scruggs to do the same or similar jobs that she performed.

18. Mr. Beazer repeatedly failed to promote Mrs. Scruggs to higher paying positions despite her requests for him to do so.

19. As a matter of fact, Mr. Beazer told Mrs. Scruggs that the position she wanted to be promoted to was a position "for a man".

20. Despite the foregoing, Mr. Beazer would regularly require Mrs. Scruggs to

3

perform the duties of the vacant "man position" in addition to doing her own duties with no additional compensation.

21. Moreover, Mrs. Scruggs was responsible for the training of the men to do the "man's job" that she had been doing when they were hired.

22. Male employees under Mr. Beazer supervision were given additional breaks and days off.

23. Mr. Beazer did not record the additional paid holidays, breaks, or days off that he provided to his male employees.

24. Moreover, male employees under Mr. Beazer's supervision were allowed to sleep on the job without fear of reprimand or repercussions.

25. Mr. Beazer, Mrs. Scruggs' direct supervisor, would take longer to reimburse Mrs. Scruggs for company expenses than the male employees under his supervision and control.

26. In addition to the above physical abuse of Mrs. Scruggs in 1995, Mr. Beazer struck another employee on June 23, 2003.

27. The employee that Mr. Beazer struck in June of 2003, was of Hispanic national origin.

28. Mrs. Scruggs reported Mr. Beazer's physical abuse of the minority employee in 2003, but no adverse action was taken against Mr. Beazer for the same.

29. In addition to the foregoing, Mrs. Scruggs reported the eight (8) year pattern and practice of discrimination, harassment, physical abuse, and intimidation as she had been subjected to by Mr. Beazer.

30. Mrs. Scruggs made her complaints to upper management at the end of summer

4

2003.

31. Mrs. Scruggs was told by both D. J. Horrigan and David Worrell that Mr. Beazer would be reprimanded and terminated if his discriminatory behavior did not cease.

32. Furthermore, Mr. Horrigan and Mr. Worrell assured Mrs. Scruggs that she would not be retaliated against.

33. Despite the foregoing, after Mrs. Scruggs made her complaints known to upper management, specifically Mr. Worrell, Mr. Beazer's immediate supervisor, Mr. Beazer's behavior became increasingly worse.

34. In retaliation for Mrs. Scruggs having reported him, Mr. Beazer repeatedly told her that he would "get her" for reporting him to upper management.

35. Mr. Beazer told Mrs. Scruggs that her days "were numbered and that he would see that she "paid for" reporting him.

36. In further retaliation for having reported Mr. Beazer's discriminatory conduct, Mrs. Scruggs' evaluation was shared with her subordinates in detail by Mr. Beazer, in an effort to further discredit and retaliate against her. Mr. Beazer also told Mrs. Scruggs that she was going to be 55 and needed to retire. He told Mrs. Scruggs that he wanted a 20 year old male to do her job.

37. In addition to the foregoing, after making Mr. Beazer's discriminatory conduct known to upper management, the terms and conditions of Mrs. Scruggs' employment were altered.

38. The physical threats and intimidation continued and got worse in 2004, after Mrs. Scruggs had reported the pattern and practice of discrimination to upper management.

5

39. Mrs. Scruggs again complained about the retaliation and continued discrimination and intimidation in March of 2004.

40. Instead of reprimanding, punishing, terminating, or otherwise holding Mr. Beazer accountable, upper management brushed her off and took no corrective action against Mr. Beazer.

41. In the summer of 2004, Mrs. Scruggs had to take time off for surgery.

42. Mrs. Scruggs kept the Defendant abreast of her progress as required.

43. When Mrs. Scruggs' doctor released her to return to work in November of 2004, Mrs. Scruggs was further retaliated against and told that there was no job for her and that she had been terminated.

44. The continuing acts and omissions of the Defendant described above resulted in loss of income, benefits, anxiety, emotional distress, and physical pain and suffering to Mrs. Scruggs.

45. Moreover, Mrs. Scruggs incurred legal costs, expenses, and attorney's fees as a result of the foregoing.

46. The acts and omissions of the Defendant described above were intentional, willful, wanton, malicious, and made in callous and/or reckless disregard for the consequences to Mrs. Scruggs by the Defendant.

### Causes of Action

**FIRST COUNT**
**(Discrimination: Title VII)**

47. The allegations set forth in paragraphs one (1) through forty-six (46) are

repeated, and incorporated herein by reference.

48. Corporate Defendant discriminated against Mrs. Scruggs because of her gender, female, in the following ways:

   1. Disparate treatment;

   2. Treating her badly and subjecting her to a hostile work environment;

   3. Not taking serious action regarding her complaints;

   4. Not addressing and investigating her claims of gender discrimination and a hostile work environment;

   5. Retaliating against her for having made complaints about gender discrimination and a hostile work environment by altering the terms and conditions of her employment.

## SECOND COUNT
### (Retaliation: Title VII)

49. The allegations set forth in paragraphs one (1) through forty-six (46) are repeated, re-alleged, and incorporated herein by reference.

50. The Corporate Defendant discriminated against Mrs. Scruggs because of her gender, and complaints of discrimination and retaliation, in the following ways:

   1. Disparate treatment;

   2. Treating her badly and subjecting her to further retaliation by Mr. Beazer;

   3. Not taking corrective action against Mr. Beazer for his discriminatory and abusive behavior;

   4. Not investing her claims of retaliation and hostile work environment;

7

     5.     Retaliating against her by advising her in November of 2004 that she was terminated and eventually terminating her in the summer of 2005.

### THIRD COUNT
### (Discrimination: ADA)

51.     The allegations set forth in paragraphs one (1) through forty-six (46) are repeated, re-alleged, incorporated herein by reference.

52.     The Corporate Defendant discriminated against Mrs. Scruggs because of her age (56), in the following says:

     1.     Disparate treatment;

     2.     Treating her badly and subjecting her to a hostile work environment;

     3.     Not taking corrective action regarding her complaints of age discrimination;

     4.     Not investigating her claims of age discrimination and hostile work environment; and

     5.     Retaliating against her for complaining about age discrimination and Eventually terminating her for the same.

*FILED AUG 29 2005 — CLERK WHITE CIRCUIT COURT*
*RE\_\_\_ \_RT. AUG 3 0 2005*

### FOURTH COUNT
### (Retaliation: ADA)

53.     Allegations set forth in paragraphs one (1) through forty-six (46), are repeated, re-alleged, incorporated herein by reference.

54.     The Corporate Defendant discriminated against Mrs. Scruggs because of her age (56), and retaliated against her for making complaints concerning the same in the following ways:

8

1. Disparate treatment;

2. Treating her badly and subjecting her to a hostile work environment by Mr. Beazer;

3. Not taking corrective action against Mr. Beazer for his discriminatory conduct and Mrs. Scruggs' complaints concerning the same;

4. Not investigating her claims of age discrimination, retaliation and a hostile work environment; and

5. Retaliating against her complaining about age discrimination and the retaliation by advising her in November of 2004 that she had been terminated and that there was no job available for her and by eventually terminating her in the summer of 2005.

### Relief

**WHEREFORE**, the Plaintiff, Dayna L. Scruggs, by her undersigned counsel, respectfully seeks the following relief:

A. Order the Defendant to pay Mrs. Scruggs the wages, benefits, compensation, and all monetary loss suffered as a result of the Defendants unlawful acts, in a amount that will make her whole, including, but not limited to, past and future lost income to be determined by the evidence;

B. Order the Defendant to pay Mrs. Scruggs compensatory and punitive damages, as well as liquidated damages for Defendants intentional violation of the ADEA;

C. Punitive and/or exemplary damages, according to proof, in an amount to be determined by the evidence, and sufficient to deter the Corporate Defendant from like

9

conduct towards similarly situated persons for its intentional violations of Title VII;

    D.    Order Defendant to pay Mrs. Scruggs pre-and post-judgment interest on all sums recoverable; and

        1.    For the expenses of this litigation;

        2.    For the costs of this action;

        3.    For attorneys fees;

**Dated:** 29 August 2005.

Respectfully Submitted By,

_____
Stephanie Jane Hahn
Attorney No. 18674-64
Attorney for the Plaintiff

**KENDALL-HAHN**
220 North Rangeline Road
Carmel, Indiana 46032
Telephone: 317.816.6060
Facsimile: 317.816.6070

FILED
AUG 29 2005
CLERK WHITE CIRCUIT COURT
R____ _RT. AUG 3 0 2005

10

## REQUEST FOR JURY TRIAL

Plaintiff, Dayna L. Scruggs, by her undersigned counsel, respectfully requests trial by jury on all issues triable by right to a jury, pursuant to T.R. 38, Indiana rules of Trial Procedure.

**Dated:** 29 August 2005.

Respectfully Submitted By,

*(signature)*

Stephanie Jane Hahn
Attorney No. 18674-64
Attorney for the Plaintiff

**KENDALL-HAHN**
220 North Rangeline Road
Carmel, Indiana 46032
Telephone: 317.816.6060
Facsimile: 317.816.6070

FILED
AUG 29 2005
CLERK WHITE CIRCUIT COURT

11

8. No additional information is required by local rule.

Date: 29 August 2005.

Respectfully Submitted By,

Stephanie Jane Hahn
Attorney No. 18674-64
Attorney for the Plaintiff

**KENDALL-HAHN**
220 North Rangeline Road
Carmel, Indiana 46032
Telephone: 317. 816.6060
Facsimile: 317. 816.6070

FILED
AUG 29 2005
REC'D CERT AUG 30 2005
CLERK WHITE CIRCUIT COURT

## SUMMONS

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE WHITE COUNTY |
|  | ) SS: | CIRCUIT COURT |
| COUNTY OF WHITE | ) | 2005 TERM |

DAYNA L. SCRUGGS )
)
      Plaintiff, )
)
v. )   CAUSE NO.: 91C01- 0508-PL-031
)
GARST AGRIPRO )
)
      Defendant. )
)

FILED
AUG 29 2005
AUG 30 2005
CLERK WHITE CIRCUIT COURT

TO DEFENDANT:  Garst Agripro
2369 330th Street, Box 500
Slater, IA 50244

    You are hereby notified that you have been sued by the persons named as Plaintiffs, and in the court indicated above.

    The nature of the suit against you is stated in the *Complaint* which is attached to this *Summons*. It also states the relief sought, or the demand made against you, by the Plaintiff.

    An answer, or other appropriate response, in writing to the *Complaint* must be filed either by you or your attorney, within twenty (20) days, commencing the day after you receive this *Summons* (or twenty-three (23) days if this *Summons* was received by mail), or a judgment by default may be rendered against you for the relief demanded by Plaintiff.

EXHIBIT 1

If you have a claim for relief against the Plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

Dated:_____

_____
Clerk, White County Circuit Court

(The following manner of service of summons is hereby designated.)

__X__ Registered or certified mail
_____ Service at place of employment, to-wit:
_____ Service on individual — (Personal or copy) at above address by Sheriff
_____ Service on agent (Specify)
_____ Other service (Specify)

Date: 29 August 2005.

Respectfully Submitted By,

_____
Stephanie Jane Hahn
Attorney No.18674-64
Attorney for the Plaintiff

**KENDALL-HAHN**
220 North Rangeline Road
Carmel, Indiana 46032
Telephone: 317. 816.6060
Facsimile: 317.816.6070